**SAINT JOSEPH'S HOSPITAL OF SOUTH BEND, INC., Appellant (Plaintiff Below),**

**v.**

**WOMEN'S PAVILION OF SOUTH BEND, INDIANA, INC., Appellee (Defendant Below).**

**No. 4–682A131.**

Court of Appeals of Indiana, Fourth District.

Aug. 4, 1983.

Robert W. Mysliwiec, Jones, Obenchain, Johnson, Ford, Pankow & Lewis, South Bend, for appellant.

Sanford M. Brook, Amaral & Brook, South Bend, for appellee.

YOUNG, Judge.

Plaintiff-appellant St. Joseph's Hospital, (hereinafter the Hospital), appeals the modification of a permanent injunction restricting defendant-appellee Women's Pavilion, (hereinafter Pavilion), in performing first-trimester abortions.

The Hospital, a health care provider operating under the auspices of the Roman Catholic Church, originally sued Pavilion for operating a private nuisance. The gist of the Hospital's nuisance claim was that it and its employees were distressed by the fact that Pavilion performed abortions at its facility located directly across the street from the Hospital. The trial court found the Hospital's claim was meritless, but did find that Pavilion, as operating, was a public nuisance. As a remedy, the court issued the following injunction on December 28, 1978:

> The defendant, Women's Pavilion, be and hereby is enjoined from permitting its facility at 425 N. St. Louis Boulevard, South Bend, Indiana, to be used by medical doctors to perform first trimester abortions, other than those regularly and fully licensed to practice medicine in the State of Indiana and who have been admitted to the staff of an area hospital while the Women's Pavilion has no transfer agreement with any area hospital.

Both the Hospital and Pavilion filed motions to correct errors; the court denied both motions and neither party appealed.

In March 1981, Pavilion filed a motion to modify the injunction pursuant to Trial Rule 60(B)(7),[1] alleging changes in factual circumstances warranted relief from the judgment. After an evidentiary hearing, the court denied the motion, stating that any factual changes were foreseeable in December 1978 and hence could not be

---

1. (B) *Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

   · · · · ·

   (7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

   Ind.Rules of Procedure, T.R. 60(B)(7).

raised on a collateral attack of the judgment.

Citing our decision in *Indiana Hospital Licensing Council v. Women's Pavilion of South Bend, Inc.,* (1981) Ind.App., 420 N.E.2d 1301, Pavilion filed a second T.R. 60(B) motion seeking modification of the injunction on the basis of change in law. The motion specifically pointed out that the "staff privileges" or "transfer agreement" requirement became illegal by that decision. The trial court granted Pavilion's motion, stating the injunction had become inequitable due to unforeseen changes in factual circumstances. The court modified the injunction to read as follows:

> The defendant, Women's Pavilion, be and hereby is enjoined from permitting its facility at 425 North St. Louis Boulevard, South Bend, Indiana, to be used by medical doctors, not duly licensed in Indiana, to perform first trimester abortions; provided however, that physicians, duly licensed in Indiana, may use said facilities for performance of the first trimester procedure to the same degree and extent such physicians may perform the first trimester procedure in their offices.

The above modification is the subject of this appeal.

█ In deciding this appeal, we first note that an injunction is a judgment of prospective application subject to the issuing court's continuing supervision. *United States v. Swift & Co.,* (1932) 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999. Indiana T.R. 60(B)(7) and its federal counterpart, F.R.C.P. 60(b)(5)[2] codify the court's authority to exercise its discretion in modifying injunctions where appropriate. *See System Federation No. 91 v. Wright,* (1961) 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349; *State v. Martinsville Development Co.,* (1977) 174 Ind.App. 157, 366 N.E.2d 681. In Indiana, judicial discretion has been defined as "a

privilege allowed a judge within the confines of justice to decide and act in accordance with what is fair and equitable." *State ex rel. Thrasher v. Hayes,* (1978) 177 Ind.App. 196, 206, 378 N.E.2d 924, 930. In view of these standards, we must determine if the Hospital's allegations of error are of merit and, if so, whether any error mandates reversal of the trial court's action.

First, the Hospital contends Pavilion's failure to perfect an appeal from the denial of the first T.R. 60(B) motion should have precluded it from collaterally attacking the original injunction. We disagree.

█ It is well established that a T.R. 60(B) motion for relief from judgment may not be used as a substitute for a direct appeal based on a timely motion to correct errors. *Snider v. Gaddis,* (1980) Ind.App., 413 N.E.2d 322. It would have been inappropriate, however, for Pavilion to raise the change in law issue in a motion to correct errors following the denial of its first 60(B) motion, as that first motion alleged a wholly separate and distinct basis for relief. Therefore, the fact that the *Indiana Hospital Licensing Council* case was handed down within 60 days of the court's denial does not mean Pavilion's proper recourse was to file a motion to correct errors. As that case was the basis of Pavilion's second 60(B) motion, its hand-down date is significant only in determining whether this case falls within the exception to the general prohibition against filing repetitive 60(B) motions. It clearly does.

In *Siebert Oxidermo. Inc. v. Shields,* (1983) Ind., 446 N.E.2d 332, the supreme court adopted our holding in *Carvey v. Indiana National Bank,* (1978) 176 Ind.App. 152, 374 N.E.2d 1173, which established the scope of that exception. In *Carvey,* we said repetitive T.R. 60(B) motions are permissible where the movant is unaware of certain

---

**2.** (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

.    .    .    .    .

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
F.R.C.P. 60(b)(5).

facts or consequences at the time the first motion was filed. As the *Indiana Hospital Licensing Council* case was not decided until after the denial of Pavilion's first motion, Pavilion could not have requested relief in its first motion on the basis of change in law.

■ The Hospital also argues the court's findings of fact in support of the modification are not based on sufficient evidence. We agree.

As Pavilion's basis for relief in its second motion was change in law, there was no evidentiary hearing. We can only assume the court considered the record and statements by counsel in concluding that unforeseeable changes in factual circumstances warranted modification of the injunction. The only *admitted* evidence considered by the court concerned events prior to Pavilion's first 60(B) motion. Absent stipulation by the parties, the court was not at liberty to consider counsel's mere allegations of factual changes after Pavilion's first motion.

■ This conclusion, however, does not mandate reversal. In reviewing a case where the court has rendered findings of fact, we will not set aside the judgment unless it is clearly erroneous. *Boffo v. Boone County Board of Zoning Appeals,* (1981) Ind.App., 421 N.E.2d 1119. It is insignificant that the trial court's reasoning may be erroneous or that the findings of fact may not be supported by the evidence if there is a separate legal basis for affirmance. *Kranda v. Houser-Norberg Medical Corp.,* (1981) Ind.App., 419 N.E.2d 1024 citing *Elmore v. City of Sullivan,* (1978) Ind. App., 380 N.E.2d 108; *Pioneer L & S Co. v. First-Merchants National Bank,* (1976) 169 Ind.App. 406, 349 N.E.2d 219 citing *In Re Adoption of Lockmondy,* (1976) 168 Ind. App. 563, 343 N.E.2d 793, and *Hunter v. Milhous,* (1973) 159 Ind. 105, 305 N.E.2d 448.

■ In affirming, we are not usurping the trial court's function as a trier of fact, because we hold the change in law turned the injunction into an instrument of wrong. *See United States v. Swift & Co., supra.* It

is irrelevant that the court did not reach the issue of change in law, as its modification correctly reflects the doctrine in the *Indiana Hospital Licensing Council* case and conforms to that rule of law.

■ The Hospital, however, contends that Indiana law does not recognize change in law as a basis for relief pursuant to the "no longer equitable" clause in T.R. 60(B)(7), citing *Martin v. Ben Davis Conservancy District,* (1958) 238 Ind. 502, 153 N.E.2d 125 and *Sheraton Corp. of America v. Korte Paper Co.,* (1977) 173 Ind.App. 407, 363 N.E.2d 1263. In both cases, the court rejected the petitioners' motions for relief but those cases are inapposite to the present one.

In *Sheraton,* the petitioner collaterally attacked a judgment which was *not* of prospective application, arguing relief was required as a court reached a different outcome in a similar case. The court rejected the claim stating the court's error of law in deciding a case will not open its judgment to collateral attack.

In *Martin,* conservancy districts were established pursuant to a statute later declared unconstitutional. The petitioner urged that all acts done by the authority of an unconstitutional statute are void. The court rejected this argument, stating the judgment declaring the statute unconstitutional did not have retroactive effect.

The present case presents us with different issues from those raised in *Sheraton* and *Martin.* Pavilion does not argue the court erred in interpreting and applying the law when it issued the original injunction. At that time, one of the licensing requirements for outpatient surgical facilities was that those facilities have a transfer agreement with an area hospital. Although that licensing requirement and the injunction both supposedly served the purpose of insuring the welfare of patients, the statute later declared unconstitutional was not the source of the court's authority to grant the injunction. More importantly, Pavilion was challenging the future enforceability of the injunction. Pavilion's second motion was

merely a request that it no longer be subject to court ordered restrictions, restrictions the legislature could no longer impose on first-trimester abortion facilities after the *Indiana Hospital Licensing Council* case.

Although we know of no Indiana precedent specifically providing for relief from judgments of prospective application when the law has subsequently changed, there is no reason to limit the application of T.R. 60(B)(7) when equity demands otherwise. As F.R.C.P. 60(b)(5) is the functional equivalent of T.R. 60(B)(7), federal precedent supporting a broader application of the "no longer equitable" clause is of persuasive value. *See Public Service Commission v. Schaller,* (1973) 157 Ind.App. 125, 299 N.E.2d 625.

In interpreting F.R.C.P. 60(b)(5) the Supreme Court has stated that in certain circumstances, equity must take precedence over interests in finality of litigation.[3]

> Firmness and stability must no doubt be attributed to continuing injunctive relief based on adjudicated facts and law, and neither the plaintiff nor the court should be subjected to the unnecessary burden of re-establishing what has once been decided. Nevertheless the court cannot be required to disregard significant changes in law or facts if it is "satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong." *United States v. Swift & Co., supra.*

*System Federation No. 91 v. Wright, supra* 364 U.S. at 647, 81 S.Ct. at 371.

We are convinced that our holding in the *Indiana Hospital Licensing Council* case turned the injunction into an instrument of wrong, imposing burdens on Pavilion which no other similar facility need bear. The trial court's modification of the injunction is affirmed.

Affirmed.

HOFFMAN, P.J. (sitting by designation), and MILLER, J., concur.

---

**3.** There have been several other cases where courts have modified outstanding injunctions where a change in law has made enforcement inequitable. *E.g., Coca-Cola Co. v. Standard Bottling Co.,* (10th Cir.1943) 138 F.2d 788; *Consolidated Theatres, Inc. v. Theatrical State Employees' Union Local 16,* (1968) 69 Cal.2d 713, 73 Cal.Rptr. 213, 447 P.2d 325; *People ex rel. Illinois State Dental Soc. v. Norris,* (1979) 79 Ill.App.3d 890, 35 Ill.Dec. 213, 398 N.E.2d 1163; *Santa Rita Oil & Gas Co. v. State Board of Equalization,* (1941) 112 Mont. 359, 116 P.2d 1012; *Ladner v. Siegel,* (1930) 298 Pa. 487, 148 A. 699.