**Herbert MAY, on behalf of himself, and all others similarly situated, Appellant,**

**v.**

**Donald BLINZINGER, in his capacities of Administrator of the Indiana Department of Public Welfare and Secretary of the Indiana State Board of Public Welfare, and Elizabeth Samkowski, in her capacity as Director of the Marion County Department of Public Welfare, Appellees.**

No. 1–783A229.

Court of Appeals of Indiana, First District.

March 8, 1984.

Rehearing Denied April 18, 1984.

Transfer Denied June 14, 1984.

---

5. For the full text of these conclusions *see* n. 2, *supra.*

Scott R. Severns, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Herbert May appeals from a judgment of the Hendricks Circuit Court in a judicial review of certain welfare department administrative proceedings. We affirm in part and remand with instructions.

## FACTS

Herbert May was admitted to a nursing home in March 1980. He applied for Medical Assistance to the Disabled (Medicaid) to defray the cost of the health care and was found to be eligible. His eligibility was made retroactive to March 1, 1980. The Marion County Department of Public Welfare (DPW) thereafter determined that the effective date of May's Medicare Part-B buy-in was July 1, 1980. DPW also determined that May owed $774.75 for nursing home care received in March 1980 and that Mrs. May would have to trade-down a van the couple owned which was valued in excess of $1200.00. May sought administrative review of DPW's actions pursuant to the Administrative Adjudication Act (AAA).[1] In her decision released on November 13, 1980, the hearing officer held for May regarding his contribution for March 1980.[2] However, she held against him on the Medicare buy-in[3] and on the trade-down of Mays' van.[4] Appellant timely filed an administrative appeal to the State Board of Public Welfare (Board) on the two issues decided adversely to him. On January 8, 1981, prior to any action by the Board, DPW released an amended decision reversing its prior decision on May's liability for the nursing home costs in March 1980, thereby denying all of May's claims. The Board subsequently issued its final decision affirming in all respects the decision of DPW. Appellant brought an action for declaratory judgment and injunctive relief. The lower court granted summary judgment for May on the issue of his liability for March 1980 and on the spouse's auto issue. The court granted summary judgment against May on the personal needs allowance issue. It is from this judgment that May now appeals.

## ISSUES

Appellant raises two issues on appeal. Appellees (hereinafter "state") raise six other issues.[5] Because of our disposi-

---

1. Ind.Code, § 4–22–1–1 to –30 (1982).

2. To be subsequently denominated as the issue of May's liability for March 1980.

3. To be subsequently denominated as the personal needs allowance issue.

4. To be subsequently denominated as the spouse's auto issue.

5. May appeals only the adverse determination on the issue of the personal needs allowance. The state contests the favorable outcome of May's other issues below as well as opposing May's contentions on appeal. Plainly, the state is cross-appealing on the issue of May's liability for March 1980 and on the spouse's auto issue. Although the state, as cross-appellant, did not file a motion to correct errors as required by *P–M Gas & Wash Co., Inc. v. Smith,* (1978) 268

tion of the instant case, we limit our discussion to two issues. Rephrased, they are as follows:

1. Did May properly preserve his right to judicial review pursuant to the Administrative Adjudication Act on the personal needs allowance and spouse's auto issues?

2. Did the trial court err in granting summary judgment for May on the issue of May's liability for March 1980?

## DISCUSSION AND DECISION

*Issue One*

The trial court could not properly review May's claims on the personal needs allowance and spouse's auto issues because May failed to preserve his rights pursuant to the AAA.

 The AAA was promulgated by our legislature, in part, "to establish a uniform method of court review of all ... administrative adjudication." Ind.Code § 4–22–1–1. In order to seek judicial review of an agency's final determination, certain procedural requisites must be adhered to:

"Any party or person aggrieved by an order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision or determination so made by said agency, and alleging specifically wherein said order, decision or determination is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence.

*Said petition for review shall be filed within fifteen (15) days after receipt of notice that such order, decision or determination is made by such agency .... Unless a proceeding for review is commenced by so filing such petition within fifteen (15) days any and all rights of judicial review and all rights of recourse to the courts shall terminate. [Emphasis supplied.]"*

Ind.Code § 4–22–1–14. This court has previously noted that "[c]ompliance with these statutory requirements is a condition precedent to the exercise of review jurisdiction by a trial court, over an administrative determination." *Drake v. Indiana Department of Natural Resources,* (1983) Ind.App., 453 N.E.2d 293, 296 citing *Gleason v. Real Estate Commission ex rel. Lewis,* (1973) 157 Ind.App. 344, 300 N.E.2d 116. More specifically, this court has held that "the procedure for securing judicial review of an administrative determination of eligibility and need for public assistance under the welfare laws *must* be in accordance with the review procedures of the AAA." [6] *Warram v. Stanton,* (1981) Ind.App., 415 N.E.2d 114, 116 (emphasis supplied).

Ind. 297, 306, 375 N.E.2d 592, 596–97, we note that the effect of *P–M Gas* has been abrogated by the subsequent promulgation of Indiana Rules of Civil Procedure, Trial Rule 59(G), which states that the party prevailing on the denial of a motion to correct error may, in his brief on appeal, "first assert grounds entitling him to relief in the event the appellate court concludes that the trial court erred in denying the motion to correct error." *Id.* It is, therefore, clear that a cross-appellant may now raise issues other than those raised by the appellant's

motion, without himself filing a motion to correct error. *Accord* 4 W. Harvey & R. Townsend, *Indiana Practice* 17 (Supp.1983) (author's comments).

6. Such a determination is properly subject to the provisions of the AAA, notwithstanding the seemingly contrary language of Indiana Code section 4–22–1–2. *Warram v. Stanton,* (1981) Ind.App., 415 N.E.2d 114, 115–16.

May's complaint in the lower court alleged three separate counts. These were: (1) May's liability for March 1980; (2) the personal needs allowance issue; and (3) the spouse's auto issue. May's first count was clearly brought as a review of the Board's denial of May's claim that he was not responsible for the $774.75 DPW alleged as his contribution toward his institutionalization in March 1980. However, May's second and third counts were brought as class actions pursuant to 42 U.S.C. § 1983. As the state correctly notes, section 1983 is procedural in nature. *Chapman v. Houston Welfare Rights Organization*, (1979) 441 U.S. 600, 617, 99 S.Ct. 1905, 1915, 60 L.Ed.2d 508. It is not in and of itself a cause of action, but rather, merely provides a remedy. *Id.* at 617–18, 99 S.Ct. at 1915–16. Similarly, the AAA provides a procedure by which an aggrieved party may seek a remedy for certain agency actions. While the act itself only purports to "supersede or control the provisions of any general or specific act or part of act in conflict herewith, passed by this general assembly ...", Ind.Code § 4–22–1–30, it is clear that the provisions of the AAA supersede the provisions of section 1983 in actions brought in state court. *Thompson v. Medical Licensing Board of Indiana*, (1979) 180 Ind.App. 333, 347–48, 398 N.E.2d 679, 680 (on petition for rehearing), *trans. denied* (1980), *cert. denied* 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160.[7] Accordingly, May had fifteen days to file a petition for review of the Board's decision. Instead, he filed a section 1983 class action on two of his claims and only sought judicial review of the Board's decision that he was liable for contributing to the cost of his care in March 1980. We have previously noted that "[t]he thrust of the [Administrative Adjudication] Act is that the *exclusive* path to the courts is *by review.*" *Thompson v. Medical Licensing Board of Indiana*, (1979) 180 Ind.App. 333, 339, 389 N.E.2d 43, 47, *rehearing denied* 180 Ind. App. 347, 398 N.E.2d 679, *trans. denied*

(1980), *cert. denied* 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160 (emphasis in the original and supplied). Because a petition for review was not filed within fifteen days on the personal needs allowance and the spouse's auto issues, May has lost "all rights of judicial review and all rights of recourse to the courts" on those issues. Ind.Code § 4–22–1–14.

This court reached a similar conclusion in *Warram v. Stanton.* In that case Warram applied for Medicaid benefits and was denied. After exhausting her administrative remedies, she filed a class action complaint in four counts. The first count sought judicial review of the Board's adverse decision. The remaining counts challenged the validity of various regulations and sought injunctive and declaratory relief. The trial court properly dismissed Warram's first count seeking judicial review of the administrative adjudication because it was not timely filed. This court then considered, in part, "whether Warram, whose right to secure judicial review of the administrative decision adverse to her was foreclosed by her failure to timely petition therefor, may now bring a class action for injunctive and declaratory relief challenging the validity of the regulations that were determinative of her unsuccessful administrative claim." 415 N.E.2d at 116. We concluded that Warram was without recourse to the courts on her remaining class action counts based upon *Suttmiller v. City of Batesville*, (1967) 248 Ind. 391, 226 N.E.2d 893 and *Public Service Commission of Indiana v. City of Indianapolis*, (1956) 235 Ind. 70, 131 N.E.2d 308, two prior supreme court cases, which noted that resort to an independent legal action to challenge the validity of an administrative action would not be countenanced where a statutory means of review existed. *Suttmiller*, 248 Ind. at 393, 226 N.E.2d at 893; *Public Service Commission*, 235 Ind. at 83, 131 N.E.2d at 308. *Warram* is substantially similar to the case at bar. Here,

---

**7.** While *Thompson* deals with administrative exhaustion prior to judicial review, it is clearly as applicable to situations involving the actual judicial review. *Accord Warram v. Stanton*, (1981) Ind.App., 415 N.E.2d 114, 116.

May failed to file a petition for judicial review of the personal needs allowance and spouse's auto issues. Instead he seeks to assert them as independent class actions pursuant to section 1983. As we held in *Warram*, because he failed to avail himself of his statutory remedies pursuant to the AAA, May is now precluded from bringing independent class actions for relief.[8] We further note, as we did in *Warram*, that the independent class actions must also fail because May, as the purported representative of the class, is individually without a claim and cannot, therefore, represent the class. *Warram*, 415 N.E.2d at 117, citing *City of Hobart v. Baum*, (1956) 237 Ind. 316, 145 N.E.2d 573. Because May failed to invoke the jurisdiction of the lower court on the personal needs allowance and spouse's auto issues, those claims should have been dismissed.[9] We, accordingly, remand to the lower court with instructions to dismiss May's class action counts.

*Issue Two*

The state has waived its argument concerning the issue of May's liability for March 1980.

 It is well settled that alleged errors are waived where not supported by cogent argument. *Lenard v. Adams*, (1981) Ind.App., 425 N.E.2d 211, 218. *Accord* Indiana Rules of Appellate Procedure, Rule 8.3(A)(7). Because we are unable to divine the thrust of state's argument on this issue, we deem it to be waived on appeal.

Accordingly, we affirm the lower court's judgment on the issue of May's liability for March 1980, and remand with instructions to dismiss May's class action counts.

Affirmed in part and remanded with instructions.

NEAL, P.J., and ROBERTSON, J., concur.

---

8. Our distinction between a petition for review and an independent action commenced in a trial court subsequent to the exhaustion of all administrative remedies is further supported by Indiana Code section 4–22–1–18 which states, in part, that "[o]n such judicial review such court shall not try or determine said cause de novo ...", something which the court could do in an independent action.

9. The failure to properly pursue statutory remedies is jurisdictional and may be raised by this court *sua sponte*. *Decatur County Rural Electric Membership Corp. v. Public Service Co. of Indiana*, (1971) 150 Ind.App. 193, 196–97, 275 N.E.2d 857, 859–60, *trans. denied* (1973).