**EVANSVILLE–VANDERBURGH
SCHOOL CORPORATION,**
Appellant,

v.

**Mike ROBERTS, Appellee.**

No. 1–284A52.

Court of Appeals of Indiana,
First District.

June 18, 1984.

Ronald R. Allen, Fine, Hatfield, Sparrenberger & Fine, Evansville, for appellant.

Jack N. Vanstone, Vanstone & Krochta, Evansville, for appellee.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

The Evansville-Vanderburgh School Corporation (EVSC) brings this interlocutory appeal from the Gibson Circuit Court's order denying EVSC's motion to dismiss Counts II and III of appellee Mike Roberts' (Roberts) complaint seeking judicial relief from an alleged unfair labor practice. Roberts is president of the Evansville Teachers Association, the exclusive representative of the teachers employed by EVSC.

We reverse.

### STATEMENT OF THE FACTS

This appeal is yet another step of a long and somewhat tortuous history of litigation spanning nine years. For the sake of clarity, we have arranged the pertinent events and dates in a timetable.

*October 6, 1975* —Roberts files a complaint with the Indiana Education Em-

ployment Relations Board (IEERB), alleging in part that EVSC committed an unfair practice in appointing school employees to various committees in order to study and make recommendations regarding working conditions.

*May 25, 1976* —IEERB denies portion of complaint regarding unfair practice.

Both EVSC and Roberts appeal the order of the IEERB; the Vanderburgh Superior Court determines that the IEERB decision is contrary to law. Successive appeals are taken until matter reaches Indiana Supreme Court.

*May 30, 1980* —Indiana Supreme Court affirms trial court decision in *Evansville-Vanderburgh School Corporation v. Roberts,* (1980) 273 Ind. 449, 405 N.E.2d 895.

*December 10, 1981* —IEERB amends May 25, 1976 order pursuant to Indiana Supreme Court decision.

Subsequent to the IEERB's December 10, 1981 order, the EVSC implemented a new procedure for appointing teachers to school committees to bring it into compliance with Supreme Court's decision and IEERB's order.

*November 30, 1982* —Roberts petitions IEERB to enforce its December 10, 1981 order.

*February 16, 1983* —Hearing conducted before a Hearing Examiner appointed by the IEERB.

*April 21, 1983* —IEERB enters order adopting Hearing Examiner's findings of fact and denies Roberts' petition for enforcement.

*May 4, 1983* —Roberts filed complaint in Vanderburgh Superior Court requesting the following relief:

(a) Count I seeks judicial review pursuant to IND.CODE 4–22–1–14 of the IEERB's April 21st order denying petition for enforcement.

(b) Count II seeks a judicial order requiring EVSC to cease and desist appointing school employees to various committees in order to study and make recommendations which are discussa-

ble matters under IND.CODE 20–7.5–1–2(*o* ).

(c) Count III seeks a judicial order finding EVSC guilty of unfair labor practices as a result of its appointment of school employees to committees studying and making recommendation regarding discussable matters under IND.CODE 20–7.5–1–2(*o* ).

*May 25, 1983* —Cause of action venued to Gibson Circuit Court.

*June 6, 1983* —EVSC files motion to dismiss Roberts' complaint in its entirety, alleging:

(a) Roberts failed to comply with the requirements of IND.CODE 4–22–1–14 since he had not filed with the court a transcript of the proceedings before the IEERB within 15 days of filing his verified petition; and

(b) Counts II and III failed to state a cause of action under which relief could be granted pursuant to IND. CODE 4–22–1–14. (Rule 12(B)(6)).

*November 22, 1983* —Gibson Circuit Court grants EVSC's motion to dismiss as to Count I of Roberts' complaint on the grounds that Roberts failed to file a transcript within the time period mandated by IND.CODE 4–22–1–14.

*January 18, 1984* —Circuit Court denies motion to dismiss as to Counts II and III.

## STATEMENT OF THE ISSUES

In this appeal, EVSC raises two issues, which we have restated:

The trial court erred in denying EVSC's motion to dismiss Counts II and III of Roberts' complaint in that:

(a) IND.CODE 20–7.5–1–11 provides the sole and exclusive remedy for an unfair practice committed in violation of IND.CODE 20–7.5–1–7; and

(b) the trial court is statutorily precluded from making a de novo determination as to whether an unfair practice was committed by the EVSC.

## DISCUSSION AND DECISION

*Remedy for unfair practice.*

■ A complaint is not subject to dismissal pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *State v. Rankin,* (1973) 260 Ind. 228, 294 N.E.2d 604. A T.R. 12(B)(6) motion should be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.*

Keeping in mind the above standard, we first set out the statutory provisions necessary to the discussion of this matter:

"Prevention of Unfair Practices. Unfair practices shall be remediable in the following manner:

(a) Any school employer or any school employee who believes he is aggrieved by an unfair practice may file a complaint under oath to such effect, setting out a summary of the facts involved and specifying the section of this chapter alleged to have been violated.

(b) Thereafter, the board shall give notice to the person or organization against whom the complaint is directed and shall determine the matter raised in the complaint, and appeals may be taken in accordance with IC 1971, 4–22–1. Testimony may be taken and findings and conclusions may be made by a hearing examiner or agent of the board who may be a member thereof. The board, but not a hearing examiner or agent thereof, may enter such interlocutory orders after summary hearing as it deems necessary in carrying out the intent of this chapter."

IND.CODE 20–7.5–1–11.

IND.CODE 4–22–1–1 *et seq.* is, of course, the Administrative Adjudication Act (AAA). Section 14 of the AAA provides for judicial review of final agency action upon petition by an aggrieved party with the appropriate circuit or superior court within 15 days of the agency's order, *State v. Van Ulzen,* (1983) Ind.App., 456 N.E.2d 459, alleging that the order, decision or determination is:

"(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to a constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right, or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence."

IND.CODE 4–22–1–18.

■ In Count II of his complaint, Roberts seeks a judicial order requiring EVSC to cease and desist appointing school employees to committees; in essence, he is requesting that the trial court use its inherent equitable powers. Court review of administrative action affecting legal relationships pursuant to the AAA is intended to be an exclusive statutory remedy. *Van Ulzen, supra,* at 461, citing *Thompson v. Medical Licensing Board,* (1979) 180 Ind. App. 333, 389 N.E.2d 43, *cert. den.* 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160. As the Indiana Supreme Court stated in *Suttmiller v. City of Batesville,* (1967) 248 Ind. 391, 226 N.E.2d 893:

In the absence of statutory provision for appeal or other direct review, we have held that the validity of an administrative action may be challenged by an equitable action of injunction or an action for a declaratory judgment. However, where there is a statutory means of review, it must be followed. A resort to an independent action will not be permitted."

*Suttmiller, supra,* at 393, 226 N.E.2d 893. *See Drake v. Indiana Dept. of Natural Resources,* (1983) Ind.App., 453 N.E.2d 288; *State, Dept. of Natural Resources v. Taylor,* (1981) Ind.App., 419 N.E.2d 819; *Warram v. Stanton,* (1981) Ind.App., 415 N.E.2d 114.

■ It is also axiomatic that exhaustion of administrative remedies is required before suit may be brought in the trial court. *Van Ulzen, supra,* at 462. Roberts argues, however, that the present action falls within the purview of exceptions to the

general rule of exhaustion; such exceptions exist where the administrative remedy is inadequate or resort to it would be futile. *Ahles v. Orr,* (1983) Ind.App., 456 N.E.2d 425. Indeed, he asserts that the instant administrative remedy is both inadequate and futile.

██ The remedy is inadequate, Roberts explains, because the IEERB does not have the authority to enforce its own orders; the administrative review process is futile because "every single authority, with the exception of the IEERB, has found EVSC guilty", yet the IEERB has refused to enforce its December 10, 1981 order. Appellee's brief, pg. 10. We will address each contention in turn.

Roberts cites *Board of School Trustees of the Worthington-Jefferson Consolidated School Corp. v. Ind. Education Employment Relations Board* (Worthington-Jefferson II), (1978) 176 Ind.App. 354, 375 N.E.2d 281, for his proposition that the IEERB does not have the authority to enforce its own orders. He asserts that this lack of authority, coupled with the fact that judicial review under the AAA can accomplish only a remand to the agency for corrective action, *Ahles, supra,* renders any action pursuant to the AAA ineffective.

A more accurate reading of *Worthington-Jefferson II,* however, indicates that the decision stands in part for the proposition that the IEERB has no power to issue a final order to a school board to *reinstate a teacher* who has been wrongfully discharged. In reaching this holding, the First District described the roles delegated by the legislature to the IEERB and the trial court which reviews, pursuant to the AAA, the IEERB decision:

> Our holding that the IEERB is without power to make final orders of reinstatement necessarily leads to the conclusion that a wrongfully discharged teacher must seek reinstatement by seeking a preliminary injunction of reinstatement pending appeal of the IEERB's decision to the circuit court, such order to become permanent upon the affirmance of the IEERB's factual determinations in favor

of the teachers. In the event that a School Board fails to pursue the appeal and fails to reinstate the wrongfully discharged teacher, an action for mandatory relief seeking reinstatement can be brought. In any event before the circuit court can order the preliminary injunction to be made permanent it must first review the evidence presented to the IEERB to determine whether such evidence was sufficient, as a matter of law, to support the factual determinations of the IEERB. In so doing the circuit court must not weigh the evidence, nor judge the credibility of witnesses."

*Worthington-Jefferson II, supra,* 375 N.E.2d at 285.

Similarly, in the instant case, Roberts may, pursuant to IND.CODE 4–22–1–14, appeal the IEERB's decision not to enforce its December 10, 1981 order to the trial court. The court will then review the evidence presented to the IEERB in order to determine whether the decision is contrary to law. If it is not, the court will affirm the IEERB's factual determinations. If the decision is contrary to law, the trial court will remand to the IEERB for corrective action. *Ahles, supra.* We fail to discern the inadequateness of this remedy.

Further, Roberts alleges the administrative remedy is futile because the IEERB has stubbornly refused to act in light of what appellee describes as the continuing proclamation of EVSC's "guilt".

As explained above, judicial review pursuant to the AAA accomplishes a remand to the administrative agency for corrective action. *Ahles, supra,* citing *Indiana State Board of Embalmers & Funeral Directors v. Keller,* (1980) Ind., 409 N.E.2d 583. The agency must comply with the determination of the trial court; otherwise, "the court may compel action if upon remand the agency persists in withholding or delaying action consistent with the court's conclusions of law". *Bolerjack v. Forsythe,* (1984) Ind.App. 461 N.E.2d 1126, 1132. *See* IND.CODE 4–22–1–18(5). Roberts' allegations concerning the futility of the administrative remedy are specious.

*Determination of unfair labor practice.*

Count III of Roberts' complaint seeks a judicial order finding EVSC guilty of unfair labor practices.

IND.CODE 20–7.5–1–11, cited above, sets out the procedure for redressing unfair labor practices. When a school employee believes he is aggrieved by an unfair practice, he files a complaint with the IEERB, and an independent de novo proceeding commences. *Indiana Education Employee Relations Board v. Board of School Trustees of the Delphi Comm. School Corp.*, (1977) 174 Ind.App. 481, 368 N.E.2d 1163.

> "The IEERB is not a reviewing agency. On the contrary, it is the function of the IEERB to conduct a de novo proceeding to resolve the unfair labor practice complaint, and it is the trial court's function which is one of review within the meaning of the Administrative Adjudication Act."

*Delphi Community School Corp., supra,* at 494, 368 N.E.2d 1163.

■ The IEERB determines whether an unfair labor practice has in fact been committed; the reviewing court may not reweigh the evidence and substitute its judgment for that of the IEERB. *Indiana Educ. Emp. Rel. Board v. Board of School Trustees of the Worthington-Jefferson Consol. School Corp. (Worthington-Jefferson I)*, (1976) 171 Ind.App. 79, 355 N.E.2d 269. We believe the trial court is statutorily precluded from making a de novo determination as to whether an unfair labor practice has occurred: such determination is the bailiwick of the IEERB.

Inasmuch as we determine that the trial court erred in refusing to dismiss Counts II and III of Roberts' complaint, the judgment is reversed and remanded with instructions to sustain EVSC's motion to dismiss.

Judgment reversed and remanded with instructions.

ROBERTSON and RATLIFF, JJ., concur.