**MEDICAL LICENSING BOARD OF INDIANA, Appellant (Respondent Below),**

v.

**Lon A. KAMINSKY, Appellee (Petitioner Below).**

**No. 49A02–8604–CV–130.**

Court of Appeals of Indiana, Second District.

July 7, 1987.

Rehearing Denied Oct. 9, 1987.

Linley E. Pearson, Atty. Gen., John Emry, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

Kenneth C. Kern, Kenneth Kern and Associates, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

On October 24, 1985, the Medical Licensing Board of Indiana (the Medical Board) denied Lon A. Kaminsky's Petition for Reinstatement of his license to practice chiropractic. Upon judicial review, the trial court granted Kaminsky's motion for summary judgment and vacated the Medical Board's decision. The Medical Board appeals, presenting eight issues for review. One issue is dispositive:

> Did the trial court err in determining the Medical Board had jurisdiction to reinstate Kaminsky's license?

We reverse.

On August 24, 1981, the Medical Board ordered Lon A. Kaminsky suspended from the practice of chiropractic for a period of six months followed by a five-year period of probation. On April 22, 1985, the Shelby Superior Court affirmed the Medical Board's order. Kaminsky then began serving his suspension.

During the four year period between the Medical Board's initial order and the Shelby Superior Court's affirmance of the order, the legislature amended Ind.Code Ann. § 25–10–1–1 *et seq.* (West 1980), the statute regulating chiropractors, effective July 1, 1982. 1981 Ind.Acts 1729, Pub.L. No. 222. Specifically, the term "Board", defined as the "board of medical registration and examination of Indiana" [I.C. § 25–10–1–1(3) (West 1980)] was redefined as "the board of chiropractic examiners" [ (I.C. § 25–10–1–1(3) (West Supp.1986)]. A subsequent section, I.C. § 25–10–1–1.5 (West Supp. 1986), created the Board of Chiropractic Examiners (Chiropractic Board).

On September 17, 1985, Kaminsky filed a Petition for Reinstatement with the Medical Board, noting his six-month suspension would expire on October 22, 1985. On October 24, 1985, the Medical Board held a hearing on Kaminsky's Petition for Reinstatement. In its ensuing order, the Medical Board determined it had jurisdiction to enforce its initial order but nevertheless refused to reinstate Kaminsky's license be-

cause Kaminsky's license to practice chiropractic had otherwise been revoked as a result of action by the Chiropractic Board.[1]

On November 5, 1985, Kaminsky filed a Petition for Judicial Review of the Medical Board's October 24, 1985 decision. He later filed a motion for summary judgment which was followed by the Medical Board's motion to dismiss and motion for summary judgment. On March 20, 1986, the trial court granted Kaminsky's motion for summary judgment, finding, *inter alia*, the Medical Board had the jurisdiction and

> "the duty to carry out its August 24, 1981 order, including the supervision of [Kaminsky's] ... license ... under condition of probation for five years ... notwithstanding [the amendment of I.C. § 25–10–1–1] ... and notwithstanding any action of the [Chiropractic Board] ... which has no jurisdiction over [Kaminsky's] ... probationary license."

Record at 120. The trial court further determined the Medical Board's failure to grant Kaminsky a license "under condition of probation was arbitrary and capricious, an abuse of discretion, not in accordance with law, and short of statutory right." *Id.* The trial court vacated the Medical Board's order and remanded the matter to the Medical Board for further proceedings. The Medical Board appeals.

■ Orders of administrative agencies are subject to judicial review to determine whether the agency possesses jurisdiction over the matter decided, whether the record supports the factual conclusions, and whether the determination comports with applicable law. *See Indiana Department of Public Welfare v. Anderson* (1976), 171 Ind.App. 375, 357 N.E.2d 267; *Brinson v. Sheriff's Merit Board of Jefferson County* (1979), 182 Ind.App. 246, 395 N.E.2d 267. Here, the trial court erroneously determined the Medical Board possessed the jurisdiction to grant reinstatement of Kaminsky's license to practice chiropractic, albeit subject to five years probation.

■ The issue of the jurisdiction of the Medical Board over chiropractors on and after July 1, 1982 was implicitly decided in *Medical Licensing Board of Indiana v. Ward* (1983), Ind.App., 449 N.E.2d 1129. In *Ward*, the Medical Board revoked Ward's license to practice chiropractic in October, 1980. On review, the trial court reversed the Medical Board's order, and the Medical Board appealed. On appeal, Ward argued the Medical Board's appeal was moot because, in the absence of an express savings clause in 1981 Ind.Acts, P.L. 232, actions brought by the Medical Board were extinguished on July 1, 1982, with the formation of the Chiropractic Board. This court disagreed. Recognizing the amendatory act which created the Chiropractic Board implicitly repealed all authority of the Medical Board over chiropractors,[2] the court held an express savings clause was not necessary to preserve actions or prosecutions for the enforcement of penalties, forfeitures, or liabilities commenced by the Medical Board in light of Ind.Code § 1–1–5–1.[3] Accordingly, this court held *the action* against Ward was "saved" and rejected his mootness argument.[4] 449 N.E.2d at 1147–48. Although

1. In June, 1984, the Chiropractic Board revoked Kaminsky's license based on events and transactions which occurred between December 1, 1983 and January 30, 1984. On March 22, 1985, the Marion Superior Court affirmed the Chiropractic Board's order.

2. "[W]hen the statutes regulating chiropractors, Ind.Code § 25–10–1–1 *et seq.*, were amended by the 1981 act to create a new regulatory board, all authority of the Board over chiropractors was impliedly repealed." *Medical Licensing Board of Indiana v. Ward* (1983), Ind.App., 449 N.E.2d 1129, 1148.

3. Ind.Code Ann. § 1–1–5–1 (West 1981) reads:

> "[T]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

4. In addition, licenses issued by the Medical Board prior to July 1, 1982, were saved until their statutorily required renewal date by virtue of Ind.Code Ann. § 25–10–1–9 (West Supp. 1986):

the *Ward* court stated it did not reach the specific question of which agency possessed jurisdiction over the "saved" action, the Medical Board or the Chiropractic Board, 449 N.E.2d at 1148 n. 12, in fact it compelled the result we reach by holding the authority of the Medical Board over chiropractors was repealed by the amendatory legislation.

Hence, on and after July 1, 1982, the Medical Board was without jurisdiction over persons holding licenses to practice chiropractic or persons seeking to obtain chiropractic licenses. This jurisdiction resided in the newly-created Chiropractic Board. Accordingly, on September 17, 1985, Kaminsky erroneously filed his Petition for Reinstatement with the Medical Board and the Medical Board erroneously determined it had jurisdiction, albeit limited, to act. So, too, the trial court erred when it concluded the Medical Board had the jurisdiction and the duty to carry out its initial order and the Medical Board's failure to grant Kaminsky a license "was arbitrary and capricious, an abuse of discretion, not in accordance with law, and short of statutory right." Record at 120.

The judgment of the trial court remanding this cause to the Medical Board for further proceedings is reversed and this cause is remanded to the trial court with instructions to remand the cause to the Medical Board with instructions to dismiss Kaminsky's Petition for Reinstatement. However, contrary to the argument advanced by the Medical Board, Kaminsky's judicial review of its decision does not constitute bad faith litigation justifying an award of attorney fees.

Judgment reversed.

YOUNG, J., concurs.

SULLIVAN, J., concurs in result.

"Nothing in this chapter shall in any manner repeal, modify, or change any right, privilege, authority or license granted a practition-

er of chiropractic holding a license under I.C. § 25–22.5."