Lon A. KAMINSKY; Medical Licensing
Board of Indiana, Appellants,

v.

MEDICAL LICENSING BOARD OF
INDIANA; Indiana Board of Chiro-
practic Examiners; and Roma Lee, Ap-
pellees.

No. 1–785–A–188.

Court of Appeals of Indiana,
First District.

Aug. 11, 1987.

Rehearing Denied Sept. 23, 1987.

Kenneth C. Kern, Kenneth C. Kern &
Associates, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., John Emry, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees.

Terrence P. Pehler, Indianapolis, for amicus curiae.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

This appeal involves the consolidation of three cases. The first case involves an appeal by Lon A. Kaminsky from the Shelby Superior Court which upheld the Medical Licensing Board's decision to suspend Kaminsky's license to practice chiropractic. The second case involves an appeal by Lon A. Kaminsky from the Marion Superior Court which upheld the Indiana Board of Chiropractic Examiner's decision to revoke Kaminsky's license to practice chiropractic. The third case involves an appeal by the State of Indiana ex rel. the Medical Review Board from the Tippecanoe Circuit Court which held in favor of Roma Lee in regard to a complaint alleging the unauthorized practice of medicine. We affirm the decision of the Tippecanoe Circuit Court and dismiss the appeals of the Shelby Superior and the Marion Superior Courts.

## FACTS

### Appeal from the Medical Licensing Board's Order

Lon A. Kaminsky (Kaminsky) received his license to practice chiropractic in January of 1979 from the Medical Licensing Board of Indiana. Kaminsky's license was supported by his undergraduate education at Andrews University and his Doctor of Chiropractic degree from the Northwestern College of Chiropractic. On December 13, 1980, Kaminsky received a Doctor of Homeopathic Medicine degree from the Johann Keppler School of Medicine. Kaminsky did not attend classes or take an examination to obtain the degree. Kaminsky obtained the degree by providing proof of his undergraduate and graduate work and by paying One Thousand Dollars ($1000).

During the first half of 1981, Kaminsky placed advertisements in the newspaper and used business cards that contained terms prohibited under Indiana Code section 25–22.5–1–1.1(a).[1] The ads and cards contained one of the following phrases: "Dr. Lon A. Kaminsky, D.C., M.D.," "Dr. L.A. Kaminsky, D.C., M.D.," or "Dr. L.A. Kaminsky, M.D., D.C.". In addition to the use of the ads and cards, Kaminsky attached the initials "M.D." to his name in documents submitted with claims for reimbursements to the Prudential Insurance Company. However, Kaminsky was never licensed as a medical doctor. Kaminsky justified his use of the initials "M.D." based upon the degree he obtained from the Johann Keppler School of Medicine which was a degree only for homeopathic medicine, not allopathic or osteopathic medicine. Furthermore, during the first half of 1981 Kaminsky performed urinalysis tests, electrocardiograms, hair analysis tests, lung function tests, blood work tests, chemical sensitivity tests, blood sugar tests and rectal examinations. Kaminsky also prescribed nutrients and non-legend drugs.

On August 24, 1981, the Medical Licensing Board (MLB) suspended Lon A. Kaminsky's license to practice chiropractic for six months and placed him on probation for five (5) years. Kaminsky filed a petition for judicial review and a petition for stay. A stay of the MLB's order was granted.

On February 11, 1983, the Shelby Superior Court ruled on a motion for summary judgment filed by Kaminsky. The court held that the MLB lost its jurisdiction over licensing because of an amendment to Indiana Code section 25–10–1–1 et seq., which became effective on July 1, 1982. The MLB appealed. The court of appeals dismissed the MLB's appeal because the trial court had not entered a final order. On April 22, 1985, the Shelby Superior Court entered its final order on remand upholding the MLB's decision suspending

---

**1.** Indiana Code section 25–22.5–1–1.1(a) provides that use of specific terms constitutes the practice of medicine if they imply a person is licensed to practice medicine or osteopethic medicine. Accordingly, use of these terms by one who is not licensed constitutes the unauthorized practice of medicine or osteopathic medicine.

Kaminsky's license and striking counts II, III and IV of Kaminsky's amended petition for judicial review which sought to add original claims for violations of the Indiana Open Door law, Civil Rights law and State and Federal Anti-Trust laws respectively. Kaminsky appeals this order.

## Appeal of the Chiropractic Board's Order

In September of 1983, 846 Ind.Admin. Code 1 became effective and established rules that prohibit a chiropractic practitioner from using specific degree designations unless licensed for that degree. On September 13, 1983, the MLB, the Indiana Board of Chiropractic Examiners (IBCE) and the Attorney General's office received letters advising that Kaminsky would bring himself into compliance with the new rules.

On December 6, 1983, Patricia Alder, an investigator for the Office of the Attorney General, was assigned to investigate Kaminsky. On December 8, 1983, Alder went to Kaminsky's office and made an appointment for December 13, 1983. Alder met with Kaminsky on the 13th and described fictious symptoms of neck and back pain and of vaginal discharge. Another appointment was set for December 20, 1983, but Alder did not attend the scheduled appointment until January 19, 1984. Alder received a partial examination but left the clinic before Kaminsky examined her for the vaginal discharge. Alder prepared affidavits to support a criminal charge which was later dismissed. The affidavits also were used to support charges filed with the IBCE.

On March 22, 1984, Kaminsky was charged with a violation of Ind.Code §§ 25–10–1–6.5(b)(1), (3) and (5).[2] The charges alleged that Kaminsky exceeded the scope of his practice, committed fraud and material deception by use of false and misleading advertisements and the use of the initials "M.D." and violated a rule of the IBCE by engaging in lewd or immoral conduct. The IBCE issued an emergency suspension on the day the complaint was filed. On May 18, 1984, the count alleging lewd and immoral conduct was dropped.

On June 29, 1984, the IBCE issued its findings of fact, conclusions of law and order. The IBCE's order revoked Kaminsky's license. Kaminsky filed a verified petition for judicial review and obtained a stay of the order. The IBCE filed a motion to dismiss for lack of verification which was denied on November 21, 1984. On March 7, 1985, the Marion Superior Court entered its findings of fact, conclusions of law and order with regard to Kaminsky's appeal. The court upheld the IBCE's order. Kaminsky appealed to this court.

## Appeal of Roma Lee

On June 20, 1984, a petition for injunction was filed against Roma Lee (Lee). Lee was the chiropractic assistant to Kaminsky. Lee drew blood, took urine samples, supplied nutrients to patients, and also assisted in physical therapy. Lee was not licensed to practice medicine in Indiana. The petition alleged that Lee's acts constituted the unauthorized practice of medicine. Furthermore, the petition alleged that since Lee did not fall within the exceptions for the unauthorized practice of medicine listed in Ind.Code § 25–22.5–1–2, she had to be enjoined from engaging in the described activities.

Initially, on December 11, 1984, the court entered an order in favor of the State's motion for summary judgment and restrained Lee from "engaging in or practicing medicine or osteopathic medicine, directly or indirectly, in the State of Indiana until such time that she may qualify for, and be issued a license under the laws of the State of Indiana." Lee filed a motion to correct errors and a motion for relief from judgment pursuant to Indiana Rules of Procedure, Trial Rule 60(B). On May 31, 1985, the court granted Lee's motion

2. The complaint stated that during Alder's investigation Kaminsky represented himself as a physician through the use of the terms "M.D." in advertsisements. The complaint also alleged that Kaminsky told Alder that he could treat her vaginal discharge after an examination and recommended inserting a "special kind of yogurt" into her vagina which would help stop the discharge.

for relief from judgment. The court modified its order to take into account Senate Enrolled Act 237 which extended an exception from the unauthorized practice of medicine to persons employed by and supervised by a chiropractor. Accordingly, the court vacated its prior judgment and entered summary judgment in favor of Lee. The State appealed this order and judgment.

We note that while these appeals were pending, Kaminsky filed a petition for reinstatement with the MLB on September 17, 1985. Kaminsky argued his six (6) month suspension would expire on October 22, 1985. The MLB held a hearing and denied Kaminsky's petition on October 24, 1985. Kaminsky filed a petition for judicial review on November 5, 1985, with the Marion Superior Court. The court held that the MLB had jurisdiction and a duty to carry out its previous order. The MLB appealed and the Court of Appeals for the Second District, per Judge Shields, held that the Marion Court erred. *Medical Licensing Board of Indiana v. Kaminsky* (1987), Ind. App., 509 N.E.2d 893. Judge Shields opined as follows:

"[T]he authority of the Medical Board over chiropractors was repealed by the amendatory legislation.

"Hence, on and after July 1, 1982, the Medical Board was without jurisdiction over persons holding licenses to practice chiropractic or persons seeking to obtain chiropractic licenses. This jurisdiction resided in the newly-created Chiropractic Board. Accordingly, on September 17, 1985, Kaminsky erroneously filed his Petition for Reinstatement with the Medical Board and the Medical Board erroneously determined it had jurisdiction, albeit limited, to act. So, too, the trial court erred when it concluded the Medical Board had the jurisdiction and the duty to carry out its initial order and the Medical Board's failure to grant Kaminsky a license 'was arbitrary and capricious, an abuse of discretion, not in accordance with law, and short of statutory right.' Record at 120."

Accordingly, the appeal was remanded to the trial court with instruction to remand to the MLB with instructions to dismiss.

We also note that on March 12, 1987, Kaminsky was relicensed by the IBCE. Kaminsky's relicensing renders most of this consolidated appeal moot.

## ISSUES

Although Kaminsky presents fifty-two (52) issues for review, the following issues are dispositive of the appeal:

1. Whether the Shelby Superior Court properly struck counts II, III, and IV from the petition for review of the Medical Licensing Board's order.

2. Whether the appeal from the Shelby Superior Court involving the Medical Licensing Board's order is moot.

3. Whether Kaminsky's petition for judicial review from the Indiana Board of Chiropractic Examiner's order should have been dismissed because the petition was unverified.

4. Whether the Tippecanoe County Court erred in vacating the injunction against Roma Lee.

## DISCUSSION AND DECISION

*Issue One*

Kaminsky first argues that the Shelby Superior Court erred in striking counts II, III, and IV of his amended petition for judicial review which counts claimed violations of the Indiana Open Door law, Civil Rights law and State and Federal Anti-Trust laws. This argument is without merit. Judicial review of an administrative action pursuant to the Administrative Adjudication Act (AAA) is intended as an exclusive statutory remedy. *Evansville-Vanderburgh School Corp. v. Roberts* (1984), Ind.App., 464 N.E.2d 1315, 1317; *May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546, 550–51, *trans. denied; State Department of Natural Resources v. Taylor* (1981), Ind.App., 419 N.E.2d 819, 824, *trans. denied.* Accordingly, an administrative action cannot be challenged through an independent original action. *Roberts,* at 1319; *May,* at 551; *Taylor,* at

824. To allow a challenge by means of an original action would subvert the purpose and procedure of the AAA, and in effect would allow a de novo review of the administrative action. *Roberts,* at 1318; *May,* at 551; *Taylor,* at 824. Such a result is impermissible. Kaminsky's counts II, III, and IV which alleged violations of the Indiana Open Door law, Civil Rights law and State and Federal Anti-Trust laws were original claims which could not be added to the petition for review of the MLB's action. *Roberts,* at 1318; *May,* at 551; *Taylor,* at 824. Therefore, the trial court properly struck counts II, III, and IV of Kaminsky's complaint which attempted to challenge the MLB's action by independent original action.

*Issue Two*

■ Kaminsky next challenges the Shelby Superior Court's affirmance of the Medical Licensing Board's order which suspended his license to practice chiropractic. Although Kaminsky argues that the Medical Licensing Board's action was improper, his argument on appeal is moot. An appeal that presents a moot question will be dismissed for lack of jurisdiction unless the appeal involves issues of great public interest or that affect the public generally. *State v. Vore* (1978), 268 Ind. 340, 342, 375 N.E.2d 205, 207; *State v. Morgan Superior Court* (1967), 249 Ind. 220, 221–22, 231 N.E.2d 516, 518; *Gardner v. Grills* (1961), 242 Ind. 29, 33, 175 N.E.2d 696, 697; *Haggerty v. Bloomington Board of Public Safety* (1985), Ind.App., 474 N.E.2d 114, 115–16; *Bartholomew County Hospital v. Ryan* (1982), Ind.App., 440 N.E.2d 754, 757, *trans. denied.* When the parties lack a legally cognizable interest in the outcome of a case or when there is no longer a live controversy, the case is moot. *Haggerty,* at 115; *Ryan,* at 757. The appeal also is moot "when this court is unable to render effective relief upon an issue, . . . [or] 'where absolutely no change in the status quo will result.'" *Ryan,* at 757, quoting

*Krochta v. State* (1978), 175 Ind.App. 436, 439, 372 N.E.2d 475, 478. Furthermore, a moot appeal will be decided under the public interest exception only "when the issue involves a question of great public importance which is likely to recur in a context which will continue to evade review." *Ryan,* at 759.

■ In the present case the appeal of the Medical Licensing Board's order which suspended Kaminsky's license is moot. The Indiana Board of Chiropractic Examiners relicensed Kaminsky on March 12, 1987. Kaminsky no longer has a legally cognizable interest in the outcome of the case and this court cannot issue effective relief that would alter the status quo. Furthermore, although the questions raised on appeal may be of "great theoretical interest" to Kaminsky, they do not involve issues of great public interest which are likely to recur yet evade judicial review. Therefore, the appeal of the Medical Licensing Board's order is moot, and accordingly dismissed.

*Issue Three*

Kaminsky next challenges the IBCE's order which revoked his license to practice chiropractic. Judicial review of a state agency's action is governed by the AAA. Indiana Code section 4–22–1–1 et seq.[3] Under the AAA an agency's action may be appealed to the judiciary by filing within the fifteen day period of limitation a petition for judicial review that is properly verified. Indiana Code section 4–22–1–14.[4] Indiana Rules of Procedure, Trial Rule 11(B) describes how pleadings can be verified, as follows:

"(B) Verification by affirmation or representation. When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth

---

**3.** Indiana Code section 4–22–1–1 et seq. was repealed and chapter one was replaced by Indiana Code section 4–21.5–1–1 et seq. effective July 1, 1987.

**4.** Indiana Code section 4–22–1–14 was repealed effective July 1, 1987. The provision requiring a verified petition now is provided for in Indiana Code section 4–21.5–5–7.

of the matter to be verified by an affirmation or representation substantially in the following language:

'I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

(Signed) _____,' "

Compliance with I.C. § 4–22–1–14 is a condition precedent to judicial jurisdiction. *Indiana Civil Rights Commission v. City of Muncie* (1984), Ind.App., 459 N.E.2d 411, 414, *trans. denied.* Thus, unless a petition is properly verified and filed within the statutory time limit, all rights of judicial review and recourse to the courts terminate. I.C. § 4–22–1–14; *Gary Community Mental Health Center, Inc. v. Indiana Department of Public Welfare* (1986), Ind. App., 496 N.E.2d 1345, 1347; *Community Care Centers v. Indiana Department of Public Welfare* (1984), Ind.App., 468 N.E.2d 602, 603, *trans. denied; City of Muncie,* at 415; see also *State ex rel. Hodges v. Kosciusko Circuit Court* (1980), 273 Ind. 101, 103–04, 402 N.E.2d 1231, 1233.

In the present case the Marion Superior Court denied the IBCE's motion to dismiss which alleged that Kaminsky's amended petition for judicial review lacked a verification. The relevant parts of the petition provided as follows:

"Comes now the Plaintiff, Lon A. Kaminsky, after being duly sworn, and for his Verified Petition for Judicial Review says:

. . . .

WHEREFORE, the Plaintiff prays that the order of the Defendant board be set aside, that his license be restored, that I.C. 25–10–1–6.5(f) be declared unconstitutional and for all other relief just and proper in the premises.

5. In *City of Muncie,* the petition provided as follows:
"Come now the respondents, by Alan K. Wilson, Mayor of the City of Muncie, who being first duly sworn alleges as follows:

.    .    .    .    .

"Subscribed and sworn to before me this 2nd day of December, 1980.
"My Commission Expires: January 12, 1984

/s/ Lon A. Kaminsky
Lon A. Kaminsky, Plaintiff

"Subscribed and sworn to before me, a Notary Public in and for said County and State, this 3rd day of July, 1984.
My Commission Expires: 5/18/88
/s/ Tamara A. Kern
Notary Public
Tamara A. Kern
Printed
Marion County"

Kaminsky argues that the Marion Superior Court properly denied the motion to dismiss because the petition was properly verified as required by the AAA. Kaminsky is mistaken. The amended petition for judicial review was not properly verified. As in *City of Muncie* and *Gary Community Mental Health Center,* Kaminsky failed to swear under penalty of perjury that the statements in the petition were true.[5] Kaminsky swore to the statements and had them notarized. However, he did not verify the truth of the statements made in the petition as required by the AAA. Therefore, since the petition was not properly verified and filed within fifteen (15) days the court was without jurisdiction and the petition should have been dismissed.

Kaminsky argues that the issue of verification was waived. This argument is without merit. The IBCE properly raised the issue in their second motion to dismiss. Since verification was a prerequisite to judicial review, the trial court was without jurisdiction to review the agency's action. Thus, the board's motion to dismiss should have been granted. We note also that the appeal would be dismissed even if Kaminsky had properly verified his petition for judicial review. As is the appeal from the MLB's order, the appeal from the IBCE's order is moot. Therefore, the appeal is dismissed.

[signed]
Thomas L. DeWeese,
Notary Public Residing
In Delaware County, IN."
*City of Muncie,* at 415. In *Gary Community Mental Health Center* the petition similarly lacked a verification. *Gary Community Mental Health Center,* at 1347.

*Issue Four*

The next issue challenges the propriety of the Tippecanoe Circuit Court's order which vacated its previous order enjoining Roma Lee. The court originally enjoined Lee on December 11, 1984. The injunction prohibited Lee from "engaging in or practicing medicine or osteopathic medicine, directly or indirectly, in the State of Indiana until such time that she may qualify for, and be issued a license under the laws of the State of Indiana." On May 31, 1985, the trial court, pursuant to Indiana Rules of Procedure, Trial Rule 60(B), granted Lee's motion for relief from judgment and vacated the order because of Senate Enrolled Act 237 which amended the prior statutory exemption to include persons such as Lee who are employed and supervised by "a physician with a limited license."[6] The State argues that the trial court erred in vacating the injunction and that Lee should be enjoined.

The grant or denial of relief from judgment under Trial Rule 60(B) is vested in the sound discretion of the trial court. *Saint Joseph's Hospital v. Women's Pavilion* (1983), Ind.App., 451 N.E.2d 1126, 1128; *Blichert v. Brososky* (1982), Ind.App., 436 N.E.2d 1165, 1167. Accordingly, the trial court will not be overturned absent an abuse of that discretion. *Blichert*, at 1167. Generally, when an injunction is sought for a violation of a statute, once a violation and the threat of future violations have been established, the injunction should be granted. *State ex rel. Medical Licensing Board v. Stetina* (1985), Ind.App., 477 N.E.2d 322, 326, *trans. denied*. However, an injunction is a prospectively applied judgment and should be limited to preventing future violations. *Saint Joseph's Hospital*, at 1128; *Board of Commissioners v. Dedelow, Inc.* (1974), 159 Ind.App. 563, 568, 308 N.E.2d 420, 423, *trans. denied*. Furthermore, an injunction is subject to the issuing court's continuing jurisdiction and may be

modified when appropriate. *Saint Joseph's Hospital*, at 1128; *State v. Martinsville Development Co.* (1977), 174 Ind.App. 157, 162, 366 N.E.2d 681, 684.

In the present case, the State met its initial burden of proving that Lee violated Indiana Code section 25–22.5–1–1.1 et seq. and that future violations of the then existing statute were probable. At the time the injunction issued Lee did not fall within a statutory exclusion. Thus, the court properly could have issued an injunction. However, on May 31, 1985, the court vacated the injunction based on Senate Enrolled Act 237 which amended Ind.Code § 25–22.5–1–2 to exempt from the unauthorized practice of medicine those persons who are "employee[s] of a chiropractor acting under the direction and supervision of a chiropractor under I.C. § 25–10–1–13." The amendment became effective on April 17, 1985. Once the statute was amended the injunction became improper, and wrongly imposed inequitable burdens on Lee. The acts which established a violation by Lee would no longer support a violation. Thus, there no longer was a likelihood or probability that Lee would violate the statute in the future. Therefore, since the injunction failed to provide for Lee's acting within the statutory exceptions, and since the statute which supported the injunction was amended, the trial court did not err in exercising its equitable power under Trial Rule 60(B) in dissolving the injunction.

Tippecanoe Circuit Court's order affirmed.

Shelby and Marion Superior Courts' appeals dismissed.

SHIELDS, P.J., and NEAL, J., concur.

---

6. We note the trial court improperly worded its order. The amendment to the statute specifically extends an exemption to employees under the direction and supervision of a "chiropractor". The statute does not refer to a chiropractor as a physician with a limited license. However, this error was harmless. Furthermore, the issue of whether a chiropractor is or is not a physician is not relevant to the disposition of this appeal because the statute clearly provides a specific exemption for which Lee was qualified.