SUMMIT ACCOUNT & COMPUTER SERVICE d/b/a General Collections, Inc., Appellant–Plaintiff,

v.

Robert HOGGE II d/b/a Rollin Tire, et al., Appellee–Defendant.

No. 02A03–9210–CV–346.

Court of Appeals of Indiana, Third District.

Feb. 15, 1993.

Frank A. Webster, Frank A. Webster & Associates, Fort Wayne, for appellant-plaintiff.

HOFFMAN, Judge.

Appellant-plaintiff Summit Account & Computer Service (Summit) appeals from a small claims court's decision setting aside a judgment against appellee-defendant Robert Hogge II d/b/a Rollin Tire, et al. (Hogge).

In 1990, Summit filed a small claims action against Hogge seeking to recover an amount due on a NSF check written and/or cashed at White Swan Super Market and for overdrafts on an account with Fort Wayne National Bank. A default judgment was entered against Linda Hogge, who is not participating in this appeal. On July 2, 1990, the small claims court approved an agreed judgment entered into by Summit and Hogge. Subsequently, Summit filed a motion for proceedings supplemental on August 22, 1990. Summit also filed a garnishment order against Hogge's bank account. Thereafter, Summit filed two additional motions for proceedings supplemental. On January 12, 1992, Summit filed another garnishment order against Hogge which was granted by the court.

On January 13, 1992, William P. Fox filed his written appearance as counsel for Hogge and a motion entitled "Motion To Set Aside Default Judgement." A hearing was held on Hogge's motion. On March 25, 1992, the court granted the motion stating in part:

> "... Although entitled 'Motion To Set Aside Default Judgment', Defendant is seeking relief under Trial Rule 60(B)(8) which is entitled 'Relief From Judgment Or Order'. Consequently, the Court considers the Motion as a Motion For Relief From Judgment Or Order filed pursuant to the provisions of Trial Rule 60(B)(8). Furthermore, the judgment entered against Defendant, which is the subject matter of this Motion, was not a default judgement, but was an agreed judgment which was entered on July 2, 1990. In any event, based upon the Court's granting of the Defendant's Motion, the judg-

ment entered herein against Defendant on July 2, 1990, in the amount of $1,546.00 is hereby ordered set aside." The court also granted Hogge's motion to set aside the garnishment order. On April 20, 1992, Summit filed its motion to correct errors which was denied. Summit now appeals.

Summit raises one consolidated issue for review: whether the small claims court abused its discretion in setting aside the agreed judgment pursuant to Ind. Trial Rule 60(B)(8). Summit maintains that Hogge demonstrated no exceptional circumstances as required by the rule; thus, the court abused its discretion in granting Hogge's motion. We agree.

Indiana trial rules govern small claims proceedings to the extent they are not inconsistent with the small claims rules, and in the event of an inconsistency, small claims rules apply. *Frank H. Monroe Heating & Cooling v. Rider* (1983), Ind.App., 450 N.E.2d 1056, 1057. The small claims rules do not provide for the setting aside of a judgment other than a default judgment; therefore, we must turn to the trial rules.

Summit concedes that Hogge's motion, entitled "Motion To Set Aside Default Judgment," was in actuality a motion for relief from judgment or order pursuant to T.R. 60(B). T.R. 60(B) provides various reasons a court may relieve a party of a final order or judgment. Such a motion pursuant to the rule is addressed to the equitable discretion of the court. Our scope of review for the grant or denial of a T.R. 60(B) motion is limited to whether the trial court abused its discretion. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892. An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

In pertinent part, T.R. 60(B) provides: "On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\*    \*    \*    \*    \*    \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operations...."

Under T.R. 60(B)(1)–(4), a trial court's discretion to set aside a judgment is limited to a time period of one year. *Blichert v. Brososky* (1982), Ind.App., 436 N.E.2d 1165, 1167. T.R. 60(B)(8), however, gives broad equitable powers to the trial court in the exercise of its discretion and imposes a time limit based only upon reasonableness. *H & A, Inc. v. Gilmore* (1977), 172 Ind.App. 10, 12, 359 N.E.2d 259, 260, *trans. denied.* Nevertheless, under T.R. 60(B)(8), the party asking for relief from the judgment must show that its failure to act was not merely due to an omission involving mistake, surprise, or excusable neglect. Rather, some extraordinary circumstances must be affirmatively demonstrated. *Chelovich,* 551 N.E.2d at 892; *Gilmore,* 172 Ind.App. at 12, 359 N.E.2d at

260. The burden is on the movant to establish the grounds for T.R. 60(B) relief. *Chelovich*, 551 N.E.2d at 892. Further, subdivision (8) is not available if the grounds for relief properly belong in another of the enumerated subdivisions of T.R. 60(B). *Panos v. Perchez* (1989), Ind.App., 546 N.E.2d 1253, 1255; *Jones v. Jones* (1979), 180 Ind.App. 496, 498–499, 389 N.E.2d 338, 340.

■ In his motion seeking relief from the agreed judgment, Hogge contends that he was not represented by counsel; he was unaware of his legal rights; and he was misled as to his legal rights. Hogge's motion more appropriately asserts allegations under T.R. 60(B)(1) for mistake, surprise, or excusable neglect, or possibly T.R. 60(B)(3) for misrepresentation. Hogge, however, would have been barred by the expiration of the one-year time limit if he had sought relief under either of these subdivisions. Hogge cannot now circumvent the time limitations of T.R. 60(B)(1) or (3) by attempting to rely on T.R. 60(B)(8). *See Blichert*, 436 N.E.2d at 1167–1168; *Gilmore*, 172 Ind.App. at 13, 359 N.E.2d at 261. Hogge has failed to demonstrate extraordinary circumstances as required by subdivision (8). Hence, we conclude that the court's grant of relief from the judgment was an abuse of its discretion. We reverse and remand for the small claims court to enter judgment accordingly.

Reversed and remanded.

GARRARD and STATON, JJ., concur.