FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEY FOR APPELLEE
:

PHILIP E. HESCH
 
JAMES P. HAYES

Hesch, Rosenberg & Roberts Holmes, Hayes & Walter

Bremen, Indiana Plymouth, Indiana

IN THE

COURT OF APPEALS OF INDIANA

KEVIN MCINTYRE, )

)

Appellant-Defendant, )

)

vs. )   No.  50A03-9706-CV-202

)

DONALD D. BAKER AND BETTY L. BAKER, )

GERALD C. HALL AND ELIZABETH Y. HALL, )

RICHARD L. HANKEMEIER AND BARBARA )

HANKEMEIER, NANCY A. HIPSKIND AND )

JAMES P. HIPSKIND, MR. AND MRS. JAMES )

H. KURTZ, OWEN C. MUIR AND BONNIE H. )

MUIR, BETTY J. SNYDER AND PERRY M. )

SNYDER, )

)

Appellees-Plaintiffs. )

APPEAL FROM THE MARSHALL CIRCUIT COURT

The Honorable Michael D. Cook, Judge

Cause No.  50C01-9406-CP-55

December 18, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

Appellant-Defendant Kevin McIntyre appeals the denial of his motion for relief from judgment raising a single issue for our review which we rephrase as whether the trial court erred in denying McIntyre relief under Ind. Trial Rule 60(B).  We affirm.

McIntyre is the owner of lot #18 in Bonnie Neys Third Addition ("Addition") located in North Township, Marshall County.  The Addition is subject to certain restrictive covenants one of which provides in part:  "no owner shall erect or suffer to be erected any temporary structures, trailers, garage houses, basement houses or any temporary dwelling quarters.  All buildings to be of new construction, no buildings to be moved in."  R. at 151.  When McIntyre began installing a manufactured home on his lot, he was informed by a neighbor that he was violating the covenants.  McIntyre continued to install his home, and as a result several of his neighbors filed a complaint for injunctive relief.  Thereafter the neighbors filed a motion for summary judgment which the trial court granted.  On appeal we affirmed.  In so doing we concluded that the restrictive covenants were valid and that McIntyre had notice of them.  
See
 
McIntyre v. Baker
, 660 N.E.2d 348 (Ind. Ct. App. 1996). In a footnote we observed that the trial court had not decided the question of whether the manufactured home that McIntyre had placed on his lot violated the restrictions.  
Id.
 at 353 n.4.

Thereafter on July 24, 1996, the trial court entered judgment determining the manufactured home did violate that portion of the restrictive covenants requiring "new construction" and prohibiting a building that is "moved in" upon the property.  McIntyre was ordered to remove the home on or before October 18, 1996.  The judgment of the trial court was not appealed.  Ten days before the home was to be removed McIntyre filed in the Marshall County Recorder's Office a document entitled "Amendment To Restriction in Bonnie Neys Subdivision."  The document, which contained the signatures of a number of McIntyre's neighbors, modified the language of the covenant thereby allowing McIntyre to maintain his manufactured home on the property.
(footnote: 1)  On December 6, 1996, armed with the amendment, McIntyre filed a motion for relief from judgment.  A hearing was conducted which revealed that some of the lot owners who had signed the amendment at McIntyre's request had recorded a petition wherein they withdrew or attempted to withdraw their names from the document.  They did so because certain information either was not accurately given to them or was withheld from them.  The trial court thus determined that McIntyre lacked the requisite number of signatures to amend the covenant.  Denying McIntyre's motion the trial court concluded that the restrictions on the Bonnie Neys Subdivision remained in full force and effect.  This appeal followed.

McIntyre raises a single issue for our review framing it in terms of trial court error in "rescind[ing] the amendment absent any false statements by Mr. McIntyre."  Brief of Appellant at 4.  First, we see the issue as whether the trial court properly denied McIntyre's motion for relief from judgment.  Our scope of review for the grant or denial of a T.R. 60(B) motion is limited to whether the trial court abused its discretion.  
Lake County Trust v. Highland Plan Comm'n
, 674 N.E.2d 626, 628 (Ind. Ct. App. 1996) 
trans. denied
.  An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief.  
Id.
  Second, where as here the trial court enters a general judgment, we will affirm on any theory supported by the evidence of record.  
Catellier v. Depco, Inc.
, 696 N.E.2d 75, 77 (Ind. Ct. App. 1998).

McIntyre's motion was filed under the provisions of T.R. 60(B)(2), (7), and (8).  Attaching the Amendment to the motion he claimed "there has been a material change in circumstances since the entry of the Order herein described in that new evidence has occurred and new circumstances have developed by the filing of Amendments . . . ."  R. at 168.  The burden is on the movant to establish the grounds for T.R. 60(B) relief.  
Summit Account & Computer v. Hogge
, 608 N.E.2d 1003, 1006 (Ind. Ct. App. 1993).  It is clear that newly discovered evidence is a ground for relief under T.R. 60(B)(2).  The movant has the burden of demonstrating that such evidence "by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59."  
Id.
 at 1005.  Under Ind. Trial Rule 59 a motion to correct errors must be filed not later than thirty days after judgment.  In this case McIntyre does not explain what evidence he contends is "new evidence" justifying relief under the rule.  It is not clear, for example, whether the "new evidence" is the purported Amendment filed with the County Recorder's Office, the knowledge of the provision allowing an amendment, or the cooperation of McIntyre's neighbors in affixing their signatures to the Amendment.  In any event McIntyre filed his motion for relief from judgment on December 6, 1996.  He has not demonstrated or even alleged that the "new evidence" by due diligence could not have been discovered by August 24, 1996, which was thirty days after entry of judgment.  McIntyre is entitled to no relief under T.R. 60(B)(2).

A party may obtain relief from judgment under T. R. 60(B)(7) where: 

[T]he judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

The only provision applicable here is that "it is no longer equitable that the judgment should have prospective application."  
Id.
  McIntyre's argument on this point appears to be that the judgment of the trial court ordering him to remove the manufactured home was based upon a restrictive covenant.  The argument appears to continue that because the restriction has been removed by reason of the Amendment, the underlying rationale for the judgment no longer exists. 

To establish that it is 
no longer equitable
 for a final judgment to have prospective application the movant must show that there has been a change of circumstances since the entry of the original judgment and that the change of circumstances was not reasonably foreseeable at the time of entry of the original judgment.  
State v. Martinsville Development Co., Inc.
, 174 Ind. App. 157, 366 N.E.2d 681, 684 (1977).  The change of circumstances here is that the purported Amendment would have allowed McIntyre's manufactured home to remain on his lot.  However the trial court determined that the Amendment was of no effect because McIntyre did not have the required number of signatures.  More specifically the trial court found and the record reveals that McIntyre did not provide his neighbors with complete and accurate information when he asked them to sign a petition supporting the Amendment.  One neighbor in particular, Mr. Pomroy, testified by way of deposition that the only reason he agreed to sign the petition was that McIntyre informed him that "he wasn't told prior to having everything finished that there were restrictions on the lot . . . ."  S.R.
(footnote: 2) at 19.  This was an inaccurate representation.  The question of McIntyre's prior notice of the restrictions was determined by the trial court sometime in 1994 and affirmed by this court on appeal in 1996. Once Mr. Pomroy learned the truth, he attempted to withdraw his name from the Amendment. 

Contrary to McIntyre's contention we need not examine whether his representations amounted to fraud.  Similarly, we need not explore whether Mr. Pomroy or other signatories could in fact withdraw their names and thereby revoke the Amendment.  Rather, our focus is more narrow:  Has McIntyre carried his burden establishing the grounds for T.R. 60(B) relief?  The alleged change in circumstances here was improperly manufactured by McIntyre himself.  More importantly McIntyre has failed to show or even argue that the purported Amendment was not reasonably foreseeable at the time of entry of the original judgment. 
Martinsville
, 366 N.E.2d at 684.  Stated more accurately McIntyre has failed to show that it was not reasonably foreseeable on July 24, 1996, that a number of his neighbors would agree to sign a petition supporting his amendment to the restrictive covenants. AccordinglyMcIntyre has not carried his burden of showing that he is entitled to relief under T.R. 60(B)(7).

As for McIntyre's claim that he is entitled to relief under T.R. 60(B)(8), we disagree. Indiana Trial Rule 60(B)(8) is a catchall provision reserved for those cases in which extraordinary circumstances justify extraordinary relief.  
Lake County Trust Co. v. Gainer Bank, N.A.
, 555 N.E.2d. 1356, 1360 (Ind. Ct. App. 1990), 
trans. denied
.  There are no such circumstances here.  We conclude the trial court did not abuse its discretion in denying McIntyre's motion for relief from judgment.

Judgment affirmed.

DARDEN, J., and HOFFMAN, Sr.J., concur.

FOOTNOTES
1:  Under terms of the covenant various restrictions remained on the lots within the Bonnie Neys Subdivision "unless an instrument in writing signed by at least two-thirds of the then owners of the lots, agree to change said covenants in whole or in part."  R. at 16.

2:  S.R. refers to Supplemental Record.