**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 25 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**IRA W. HUTH**
Portage, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IRA W. HUTH,                              )
                                         )
    Appellant-Defendant,             )
                                         )
        vs.                      )    No. 64A03-1203-MF-117
                                         )
DKR MORTGAGE ASSET TRUST 1,              )
                                         )
    Appellee-Plaintiff.              )

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger V. Bradford, Judge
The Honorable Ethan S. Lowe, Judge *Pro Tempore*
Cause No. 64D01-1006-MF-5906

**October 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Ira Huth appeals from the trial court's denial of his motion for relief from judgment. Huth argues that the trial court erroneously denied his motion for relief from judgment because its previous entry of summary judgment against him in favor of Appellee-Plaintiff DKR Mortgage Asset Trust 1 was erroneous. We affirm.

## FACTS AND PROCEDURAL HISTORY

It seems that at some point in March of 2009, Huth executed a mortgage in favor of Flagstar Bank to secure a promissory note for the purchase of real property in Portage. On May 28, 2010, Flagstar filed a mortgage foreclosure action. At some point, Flagstar assigned its rights in the promissory note to DKR, and DKR filed a motion to substitute as real party in interest on August 17, 2011. Also on that day, DKR filed a motion for summary judgment. On January 30, 2012, the trial court entered summary judgment in favor of DKR. On January 30, 2012, the trial court issued another order reaffirming its grant of summary judgment in favor of DKR, foreclosing on the mortgage, and ordering a Sheriff's sale. On February 2, 2012, Huth filed a motion for relief from judgment, which the trial court denied one week later.

## DISCUSSION AND DECISION

**Whether the Trial Court Erred in Denying Huth's Motion for Relief from Judgment**

At the outset, we note that DKR has not filed an Appellee's brief. In such cases, we do not need to develop an argument for DKR, and we apply a less stringent standard of review. *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005). We may reverse the trial court if Huth is able to establish prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.*

2

"Our scope of review for the grant or denial of a T.R. 60(B) motion is limited to whether the trial court abused its discretion." *Summit Account & Computer Serv. v. Hogge*, 608 N.E.2d 1003, 1005 (Ind. Ct. App. 1993). "An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief." *Id.*

Huth's argument is apparently that his motion should have been granted on the basis that it alleges a valid defense or claim, pursuant to Indiana Trial Rule 60(B)(5)(f). *See* Appellant's Br. at 24 ("Defendant pursuant to Ind[.] T.R. 60(f) respectfully alleges that there is a valid defense and claim."). Subsection (f), however, is only one of six showings that must be made pursuant to Trial Rule 60(B)(5), which also requires, *inter alia*, that "the motion assert[] and such party prove[]" that "at the time of the action he was an infant or incompetent person[.]" At the very least, Huth's motion for relief from judgment failed to allege, much less prove, that he was either an infant or incompetent. The trial court did not abuse its discretion in denying Huth's motion for relief from judgment.

We affirm the judgment of the trial court.

ROBB, C.J., concurs.

BAKER, J., concurs in result with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

IRA W. HUTH,                                    )
                                               )
    Appellant-Defendant,                       )
                                               )
          vs.                            )        No.  64A03-1203-MF-117
                                               )
DKR MORTGAGE ASSET TRUST 1,                    )
                                               )
    Appellee-Plaintiff.                        )


**BAKER, Judge, concurring in result,**

While I concur in the result, I do so for the reason that Huth does not deny the underlying debt; rather, he complains that his escrow payments and insurance premiums were "negligently" calculated when he refinanced his mortgage, causing him financial hardship. Appellant's Br. p. 9. Moreover, Huth complains that DKR did not meaningfully participate in a settlement conference, which may have led to a restructure of the mortgage debt.

While we may understand Huth's plight, he cites to no authority that would authorize us to deny the judgment in favor of DKR. See In re The Supervised Estate of Williamson v. Williamson, 798 N.E.2d 238, 242 (Ind. Ct. App. 2003) (concluding that because the Estate offered no authority to support its claim of error, the argument was waived).

4