## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 11 2016, 5:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Douglas M. Grimes
Douglas M. Grimes, PC
Gary, Indiana

ATTORNEY FOR APPELLEES

Clorius L. Lay
Gary, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

American Federation of State, County & Municipal Employees, Council 62, Local 4009 AFL-CIO, and the Executive Branch of the City of Gary, Indiana,

*Appellants-Defendants,*

v.

Gary Police Civil Service Commission and its Administrator, Angela Brown,

*Appellees-Plaintiffs.*

March 11, 2016

Court of Appeals Case No.
45A04-1507-PL-1017

Appeal from the Lake Superior Court.
The Honorable Michael N. Pagano, Special Judge.
Cause No. 45D09-1405-PL-70

**Shepard, Senior Judge**

[1] The Gary Police Civil Service Commission and its administrator Angela Brown prevailed on summary judgment after the American Federation of State,

County & Municipal Employees failed to respond to the motion. Seven months later, AFSCME filed a motion for relief from judgment. The trial court denied the motion, and we affirm.

## Issue

The sole issue for review is whether the court abused its discretion in denying AFSCME's motion for relief from judgment.

## Facts and Procedural History

In 2006, the Gary Police Civil Service Commission hired Angela Brown to be its administrator. Subsequently, a dispute arose as to whether Brown's job was covered by union rules. On May 1, 2013, the Commission and Brown sued AFSCME and the Executive Branch of the City of Gary, seeking injunctive relief to prevent removal of Brown from her job.

Over the next year, the case shifted from court to court in Lake County as various judges recused. On May 14, 2014, the Honorable Michael N. Pagano became special judge. He ordered a status conference for July 7, 2014, and directed the parties to file their documents with the Lake County Clerk electronically rather than on paper. AFSCME did not appear at the July 7 conference.

On August 5, 2014, the Commission and Brown electronically filed a motion for summary judgment. AFSCME did not respond, so on September 24, 2014, the Commission and Brown electronically filed a motion for entry of judgment.

There was no response from AFSCME. On October 10, 2014, the Commission and Brown again requested judgment. On October 14, 2014, the trial court granted the motion for summary judgment, enjoining the City of Gary and AFSCME from enforcing provisions of the collective bargaining agreement against Brown.

[6] On May 8, 2015, AFSCME moved for relief from judgment. The Commission and Brown responded, and the trial court held oral argument, after which it denied AFSCME's motion.

## Discussion and Decision

[7] AFSCME claims it was entitled to relief from judgment. Indiana Trial Rule 60(B) provides, in relevant part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
> * * * *
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).[1]

[8] A movant requesting relief under subsection (8) must demonstrate a meritorious claim or defense. *Id*. In addition, a party seeking relief under subsection (8)

---

[1] In its motion for relief from judgment, AFSCME also requested relief under Trial Rule 60(B), subsections (1), (6), and (7). AFSCME has not presented any argument related to those subsections on appeal, so we do not address them.

must show that its failure to act is not merely due to an omission involving mistake, surprise, or excusable neglect. *Weppler v. Stansbury*, 694 N.E.2d 1173 (Ind. Ct. App. 1998). Instead, relief under subsection (8) is reserved for cases in which extraordinary circumstances justify extraordinary relief. *McIntyre v. Baker*, 703 N.E.2d 172 (Ind. Ct. App. 1998). We review a trial court's ruling on a Rule 60(B)(8) motion for abuse of discretion. *Outback Steakhouse v. Markley*, 856 N.E.2d 65 (Ind. 2006).

[9] AFSCME first says that the court should have allowed it to pursue discovery and should have held an evidentiary hearing before ruling on the motion. In its motion for relief, AFSCME neither requested permission to pursue discovery nor requested an evidentiary hearing. Moreover, AFSCME did not attempt to submit evidence at the oral argument. The court cannot have abused its discretion in failing to grant relief that AFSCME did not request.

[10] Next, AFSCME asserts it was entitled to relief because it did not receive the motion for summary judgment and was denied the opportunity to issue discovery requests. It is apparent that AFSCME did not receive the motion because its counsel had not registered with the Lake County Clerk to participate in e-filing. In its May 14, 2014 order (which was sent *by mail* but which AFSCME claimed not to have received), Judge Pagano ordered the parties to file documents electronically. In addition, the Commission and Brown's counsel telephoned AFSCME's counsel after the July 7, 2014 status conference (which AFSCME did not attend) and informed him that the parties would be required to file all documents "electronically." Appellees' App. p. 18. Thus,

AFSCME was informed before the Commission and Brown filed their motion for summary judgment that it was necessary to participate in e-filing, yet AFSCME's counsel did not register with the Lake County Clerk until November 8, 2014, after judgment had been granted.

As to discovery requests, AFSCME has not explained what information it expected to gather through discovery. The case was filed in May 2013, so AFSCME had two years to evaluate any discovery needs and should have been able to tell Judge Pagano why discovery was necessary. These facts do not present extraordinary circumstances justifying relief under Trial Rule 60(B)(8).

Finally, the Commission and Brown correctly observe that AFSCME has not articulated any defense to the merits of their complaint for injunctive relief. *See Seleme v. JP Morgan Chase Bank*, 982 N.E.2d 299 (Ind. Ct. App. 2012) (no abuse in denying Rule 60(B) motion where plaintiff failed to raise meritorious defense), *trans. denied*.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Riley, J., and Bailey, J., concur.