FILED

Apr 16 2019, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Deborah L. Law
Traci Marie Cosby
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jeff Cardella
The Law Office of Jeff Cardella,
LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Indianapolis,

*Appellant-Plaintiff,*

v.

Ginger Tichy,

*Appellee-Defendant.*

April 16, 2019

Court of Appeals Case No.
18A-OV-2202

Appeal from the Marion Superior
Court

The Honorable Travis G. Sandifur,
Magistrate

Trial Court Cause Nos.
49D04-1701-OV-4141
49D04-1703-OV-12165
49D04-1704-OV-14006
49D04-1704-OV-14340
49D04-1704-OV-14994
49D04-1704-OV-15972

**Najam, Judge.**

## Statement of the Case

[1] The City of Indianapolis ("the City") appeals the trial court's order to grant

relief from judgment to Ginger Tichy under Indiana Trial Rule 60(B). The City

raises three issues for our review, and Tichy raises an additional issue. We consolidate the issues and restate them as the following dispositive question: whether the trial court abused its discretion when it granted relief to Tichy under Indiana Trial Rule 60(B). We hold that the trial court abused its discretion. Accordingly, we reverse.

## Facts and Procedural History

[2] On May 10, 2017, following a bench trial in six consolidated cause numbers, the trial court permanently enjoined Tichy from acting in a manner that would violate Section 431-702 of the City's municipal code.[1] As relevant here, Section 431-702 prohibits pedestrians from soliciting or conversing with the occupant of a vehicle in a roadway if the pedestrian is in the median of the roadway or within fifty feet of an intersection. Appellant's App. Vol. 2 at 193. Tichy did not appeal the injunction and at no point has she disputed that she acted in violation of Section 431-702 prior to the issuance of the injunction. Shortly after the court entered the injunction, the City moved to have Tichy found in contempt as she had allegedly continued to solicit or converse with the occupants of motor vehicles in the roadway in a manner contrary to Section 431-702.

---

[1] The six separately entered permanent injunctions simply stated that Tichy shall not "have any further violations of [Section] 431-702" and that she "is bound by Section 431-702 . . . ." *E.g.*, Appellant's App. Vol. 2 at 118.

In response, Tichy moved for relief from the injunction under Indiana Trial Rule 60(B). In her motion, she argued:

> 22. Ms. Tichy is entitled to relief under Trial Rule 60(B)(7) because it is no longer equitable that the order permanently enjoining her from engaging in conduct prohibited by Municipal Code Section 431-702 [have] prospective application.
>
> * * *
>
> 24. The permanent injunction is overbroad because it fails to provide for Ms. Tichy's acting within the boundary [of] the activities specifically declared unlawful by Indiana's penal statute on panhandling[,] Ind. Code § 35-45-17-1(c).[2] The City has no power to regulate Ms. Tichy's act . . . [in] an area preempted by our legislature . . . .
>
> 25. The injunction imposes a serious burden on Ms. Tichy's ability to engage in lawful, passive panhandling—an activity vital to her survival—by banning such constitutionally protected expressive activity . . . .
>
> * * *
>
> 29. Granting the equitable remedy of modifying or dissolving the injunction to protect Ms. Tichy from punishment for

---

[2] This statute provides in relevant part that "panhandling . . . does not include an act of passively standing . . . : (1) while displaying a sign or other indication that a donation is being sought; and (2) without making an oral request other than in response to an inquiry by another person." Ind. Code § 35-45-17-1(c) (2018).

engaging in free expression in a manner declared lawful by our General Assembly is legally and factually appropriate.

30. If this Court finds (B)(7) inapplicable, it should grant Ms. Tichy relief under Trial Rule 60(B)(8) for "any reason justifying relief from the operation of the judgment." . . .

31. In Ms. Tichy's case, principles of Due Process and fundamental fairness necessitate setting aside the permanent injunction. The injunction was issued [at] a hearing where Ms. Tichy was not represented by counsel because she could not afford counsel. The nature of the civil ordinance action did not require the Court to appoint counsel for Ms. Tichy. When the Court issued the permanent injunction it was under the mistaken impression Ms. Tichy's displaying a sign indicating she is homeless and seeking donation[s] near the roadway violates the [state's] criminal panhandling statute and believed Ms. Tichy was fortunate to not be arrested. Ms. Tichy's conduct is expressly exempt from the definition of panhandling in the penal code, but she did not possess the legal knowledge to correct the Court's impression, had no lawyer to correct it, and [the City] did not correct it.

32. Ms. Tichy's prior written arguments have alleged a meritorious defense to enforcing the permanent injunction order because [the order] prohibits legal and life-sustaining conduct by Ms. Tichy . . . .

Appellant's App. Vol. 2 at 136-39 (citation omitted). In response, the City argued that relief under Trial Rule 60(B)(7) "require[d] a change in law or fact," which was absent here, and that "lack of counsel and knowledge of legal rights" did not justify relief under Trial Rule 60(B)(8). *Id.* at 167, 169 (capitalization

and bold removed). The City further argued that Section 431-702 "is broader" than the state statutory prohibition on panhandling. Tr. Vol. II at 22.

[4] In December, the court held a fact-finding hearing on Tichy's Rule 60(B) motion. During that hearing, Tichy testified that she was homeless and she frequently walked along the raised medians of various roadways in Indianapolis with a sign that indicated that she would accept donations. If the occupants of nearby motor vehicles offered her money, she would "go and get it." *Id.* at 39. And if they did not, she would "just keep walking." *Id.* She also testified that, on "windy" days, she might "fall[] off the median into the road," but she had never been "hit by any cars." *Id.* at 40.

[5] Following the hearing, the trial court granted Tichy's Rule 60(B) motion on the ground that the City's ordinance had been preempted by the Indiana Code. On August 15, 2018, the court granted the City's motion to correct error and made technical revisions to the court's judgment on Tichy's Rule 60(B) motion but otherwise affirmed that judgment. On September 13, the City filed its notice of appeal, and this appeal ensued.[3]

---

[3] Following the City's notice of appeal, Tichy moved to dismiss the appeal on the ground that the City's notice of appeal was not timely filed. Our motions panel denied Tichy's motion to dismiss on October 19, 2018, and she raises the issue again in her appellee's brief. Although a writing panel of this Court has "inherent authority to reconsider any decision while an appeal remains *in fieri*," we are "reluctant to overrule orders decided by the motions panel." *John C. & Maureen G. Osborne Revocable Family Trust v. Town of Long Beach*, 78 N.E.3d 680, 692 (Ind. Ct. App. 2017), *trans. denied*; *see also Moriarity v. Ind. Dep't of Nat. Res.*, 113 N.E.3d 614, 623 (Ind. 2019) (noting that Indiana's appellate courts prefer to resolve cases on their merits). Moreover, according to the CCS, the trial court entered its final judgment in this matter on August 15, 2018, and the City filed its notice of appeal less than thirty days later on September 13, 2018. Accordingly, we decline Tichy's request to reconsider our motions panel's judgment on this issue.

# Discussion and Decision

[6]     The City appeals the trial court's grant of Tichy's motion for relief from judgment under Trial Rule 60(B). As our Supreme Court has held:

> the propriety of relief under Indiana Trial Rule 60(B) is a matter entrusted to the trial court's equitable discretion. We review the exercise of that discretion only for abuse, which may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. . . .

*Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 812 (Ind. 2012) (citations omitted). "Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment." *Smith v. Smith (In re Paternity of P.S.S.)*, 934 N.E.2d 737, 740 (Ind. 2010) (quotation marks omitted).

[7]     Tichy moved for relief from judgment first under Trial Rule 60(B)(7), and the trial court granted her motion under that provision. Trial Rule 60(B)(7) provides that a court may relieve a party from a judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." In essence, Tichy asserted that the injunction was no longer equitable, and, as such, the court should vacate the injunction.

[8] We have long held that, to establish that it is no longer equitable for a final judgment to have prospective application under Rule 60(B)(7), the movant must show that there has been a change in circumstances since the entry of the original judgment and that the change of circumstances was not reasonably foreseeable at the time of entry of the original judgment. *Jones v. Jones (In re Marriage of Jones)*, 180 Ind. App. 496, 499, 389 N.E.2d 338, 341 (1979); *State v. Martinsville Dev. Co.*, 174 Ind. App. 157, 161, 366 N.E.2d 681, 684 (1977); *Warner v. The Young Am. Volunteer Fire Dep't*, 164 Ind. App. 140, 150, 326 N.E.2d 831, 837 (1975). This is because Trial Rule 60(B) "is not a substitute for a belated appeal, nor can it be used to revive an expired attempt to appeal. . . . Trial Rules 60(B)(7) and (8)" in particular "are concerned only with exceptional circumstances." *Masterson v. State*, 511 N.E.2d 499, 500 (Ind. Ct. App. 1987).

[9] Nothing at all about Tichy's testimony on her motion for relief from judgment under Trial Rule 60(B)(7) demonstrates exceptional circumstances that were not reasonably foreseeable at the time of the entry of the injunction. Indeed, the circumstances to which she testified at the hearing on her Rule 60(B) motion were the exact same circumstances that were the factual predicate for the injunction in the first instance. In effect, then, her motion under Rule 60(B)(7) simply sought to relitigate the merits of the original judgment, which is not an appropriate basis for relief under Trial Rule 60(B). *See In re Paternity of P.S.S.*, 934 N.E.2d at 740.

[10] Alternatively, Tichy also sought relief under Trial Rule 60(B)(8) on the ground that her lack of representation during the original proceedings on the injunction

was a basis for subsequent relief from the injunction. Rule 60(B)(8) provides that a court may relieve a party from a judgment for "any reason justifying relief from the operation of the judgment" other than those reasons set forth elsewhere in Rule 60(B). A motion under Rule 60(B)(8) must be filed within a reasonable time of the original judgment and must allege a meritorious claim or defense.

[11] The trial court did not grant Tichy relief under Rule 60(B)(8), nor could it have. We have previously rejected attempts to rely on Rule 60(B)(8) on the ground that the moving party previously had been "not represented by counsel; . . . unaware of his legal rights; and . . . misled as to his legal rights." *Summit Account & Comput. Serv. v. Hogge*, 608 N.E.2d 1003, 1006 (Ind. Ct. App. 1993). Such arguments, insofar as they are even proper under Rule 60(B)(8) instead of being raised under Rule 60(B)(1),[4] "fail[] to demonstrate extraordinary circumstances as required by subdivision (8)." *Id.*

[12] Accordingly, we hold that the trial court erred when it granted Tichy's motion for relief from the injunction under Trial Rule 60(B). Although the parties go on to discuss the merits of Tichy's arguments against the original injunction, we

---

[4] Trial Rule 60(B)(1) permits relief from a judgment on the basis of mistake, surprise, or excusable neglect. In *Levin v. Levin*, our Supreme Court stated that a moving party's argument that "he was not represented by counsel and was thus unaware of his legal rights" is "more appropriately characterized . . . under Trial Rule 60(B)(1)" than under Rule 60(B)(8). 645 N.E.2d 601, 604 (Ind. 1994).

need not consider them. We reverse the trial court's grant of Tichy's motion for relief from judgment.

[13] Reversed.

Baker, J., and Robb, J., concur.